UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

CAROL PERILLO,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD. d/b/a
ROYAL CARIBBEAN GROUP,

      Defendant.

_____/

## **COMPLAINT AND REQUEST FOR JURY TRIAL**

The Plaintiff sues Defendant and alleges:

### **PRELIMINARY ALLEGATIONS**

1.  The Plaintiff, CAROL PERILLO, is a citizen of the state of Florida.

2.  Defendant, ROYAL CARIBBEAN CRUISES LTD. d/b/a ROYAL CARIBBEAN GROUP ("RCCL") is a foreign entity incorporated under the laws of Liberia with its principal place of business in Miami, Florida.

3.  This matter is being filed pursuant to Defendant's federal forum selection clause within its passenger ticket contract and, because there is no diversity among the parties, it is brought under the admiralty and maritime jurisdiction of the Court. This is an admiralty or maritime claim within the meaning of Rule 9(h).

    a.  Plaintiffs request an advisory jury trial pursuant to the remedies saved under the Saving to Suitors Clause of 28 U.S.C. §1333. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454-55 (2001) ("Trial by jury is an obvious… example of the remedies

available to suitors."); *see also Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1063 (11th Cir. 1996).  It is within the discretion of the court to allow for an advisory jury in an admiralty or maritime claim.

4.  At all times material hereto, Defendant, personally or through an agent:

   a.  Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b.  Was engaged in substantial activity within this state;

   c.  Operated vessels in the waters of this state;

   d.  Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

   e.  The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

   f.  Defendant, as a common carrier, was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the vessel *Harmony of the Seas*.

5.  At all times material hereto, Defendant is subject to the jurisdiction of the Courts of this state.

6.  At all times material hereto, the causes of action asserted in this Complaint arise under the general maritime law of the United States.

## FACTS COMMON TO ALL COUNTS

7.  At all times material hereto, Defendant owned, operated, managed, maintained, controlled, and/or had exclusive custody of *Harmony of the Seas* ("the vessel").

8.   On or about March 5, 2022, Plaintiff was a paying passenger on the vessel, which was in navigable waters.

9.   On or about March 5, 2022, Plaintiff was severely injured when she tripped and fell on an unmarked change in level and/or threshold and/or raised metal edge while walking down the busy "I-95" corridor to disembark vessel in Coco Cay.

10. The hidden and unmarked raised metal edge was not open and obvious and the Plaintiff had no way of knowing the existence of the hazardous condition.

## COUNT I – GENERAL NEGLIGENCE

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

11. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

12. On or about March 5, 2022, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

a.   Failure to provide and/or utilize a reasonably safe walking/flooring surface in light of the anticipated use of the subject area; and/or

b.   Failure to utilize a reasonably safe flooring surface without unmarked and/or hidden raised thresholds in light of the anticipated traffic and anticipated purpose of the area; and/or

c.   Failure to properly mark the hazards in the area so as to adequately call passengers attention to them; and/or

    d.   Failure to ascertain the cause of prior similar accidents occurring in a similar manner, so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's accident; and/or

    e.   Failure to correct hazardous conditions following prior trip- and/or slip-and-fall incidents on the same or similar hallways and/or raised flooring surfaces; and/or

    f.   Failure to promulgate and/or enforce adequate policies and procedures aimed at warning passengers, and Plaintiff in particular, of the hazardous condition that caused Plaintiff's injury; and/or

    g.   Failure to promulgate and/or enforce adequate policies and procedures aimed at maintaining the embarkation and/or gangway areas for Defendant's vessels in a reasonably safe condition for passengers; and/or

    h.   Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of unmarked tripping hazards such as hidden metal edges and/or thresholds and/or change in level; and/or

    i.   Negligently designing, selecting, and/or approving the flooring and lighting scheme which did not allow for appreciable depth perception; and/or

    j.   Other acts or omissions constituting a breach of duty to use reasonable care under the circumstances which are revealed through discovery.

13. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions.

14. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them.  Defendant's knowledge of the foregoing condition(s) was

specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. *See generally Wallace v. Royal Caribbean Cruises, Ltd.*, Case No. 20-cv-23654-KMW (S.D. Fla. 2020) (trip and fall while disembarking); *Lowes v Royal Caribbean Cruises Ltd*, Case No 20-cv-23879-COOKE/O'SULLIVAN, 2021 WL 3748581 (S.D. Fla. 2021) (same). Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

15. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and requests trial with an advisory jury.

## COUNT II – NEGLIGENT FAILURE TO WARN

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

16. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

17. At all times material hereto, it was the duty of Defendant to warn passengers (like the Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to be.

18. On or about March 5, 2022, the Plaintiff was on the "I-95 corridor" aboard the vessel, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

19. On or about the above date, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

    a. Failure to adequately warn the Plaintiff of the dangers posed by the raised flooring surface; and/or

    b. Failure to adequately warn the Plaintiff of the existence of trip-and-fall/hazardous conditions on the corridor, such as the raised metal edge; and/or

    c. Failure to adequately warn passengers and Plaintiff of other fall accidents previously occurring on the same or similar hallways and/or raised metal edge; and/or

    d. Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers like the Plaintiff are warned of the danger posed by the raised flooring surface; and/or

    e. Failure to adequately warn passengers on how to adequately and safely exit the vessel;

20. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

21. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not warn about them.  Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. *See generally Wallace v. Royal Caribbean Cruises, Ltd.*, Case No. 20-cv-23654-KMW (S.D. Fla. 2020) (trip and fall while disembarking); *Lowes v Royal Caribbean Cruises Ltd*, Case No 20-cv-23879-COOKE/O'SULLIVAN, 2021 WL 3748581 (S.D. Fla. 2021) (same). Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.

22. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and requests trial with an advisory jury.

### COUNT III – NEGLIGENT FAILURE TO MAINTAIN

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

23. At all times material hereto, it was the duty of Defendant to provide Plaintiff with

reasonable care under the circumstances.

24. At all times material hereto, it was the duty of Defendant to maintain the vessel, including the subject corridor, in a reasonably safe condition.

25. On or about the above date, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

    a.  Failure to maintain the subject area free of trip-and-fall hazards; and/or

    b.  Failure to maintain the subject area in a manner that was flush/even and not raised and/or hazardous; and/or

    c.  Failure to adequately inspect the area where Plaintiff's incident occurred for tripping hazards; and/or

    d.  Failure to adequately, timely, and regularly inspect and maintain the subject area in a reasonably safe condition, including, but not limited to, in a condition free of trip-and-fall hazards; and/or

    e.  Failure to adequately, timely, and regularly inspect and maintain the subject area in a reasonably safe condition, including, but not limited to, in a manner that was flush/even and not raised and/or hazardous; and/or

    f.  Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of trip-and-fall hazards; and/or

    g.  Failure to adequately organize and/or maintain the disembarkation process to allow for the safe and even-flow of passenger disembarkation; and/or

    h.  Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the subject area in a reasonably safe condition.

26. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

27. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. *See generally Wallace v. Royal Caribbean Cruises, Ltd.*, Case No. 20-cv-23654-KMW (S.D. Fla. 2020) (trip and fall while disembarking); *Lowes v Royal Caribbean Cruises Ltd*, Case No 20-cv-23879-COOKE/O'SULLIVAN, 2021 WL 3748581 (S.D. Fla. 2021) (same). Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

28. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and requests trial with an advisory jury.

Dated: June 28, 2022

Respectfully submitted,

LIPCON, MARGULIES,
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By:  */s/ Daniel W. Grammes*
**MICHAEL A. WINKLEMAN**
Florida Bar No. 36719
mwinkleman@lipcon.com
**DANIEL W. GRAMMES**
Florida Bar No. 1010507
dgrammes@lipcon.com